UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DARNELL LAMAR HARRIS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CV420-164 |
| CORRECT HEALTH MEDICAL, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff was directed to show cause as to why this case should not be dismissed for his failure to disclose prior lawsuits or as successive of *Harris v. Dabney, et al.*, CV4:20-127 (S.D. Ga. June 9, 2020). Doc. 4 at 7–8. Plaintiff has provided a response that fails to adequately address the Court's concerns. *See* doc. 5.

Plaintiff explains that he neglected to disclose the existence of prior cases because he misunderstood the need to list cases unrelated to the instant action. Doc. 5 at 2. This explanation is unconvincing when the clear language of the complaint form specifically called for the identification of cases "which deal with facts other than those involved in

this action." *See* doc. 1 at 2. Furthermore, he provides no explanation for answering in the negative when asked if he had previously filed a case based on the same underlying facts as this case. *Id*. at 1. In fact, *Harris v. Dabney, et al.*, CV4:20-127 (S.D. Ga. June 9, 2020), filed by plaintiff only 44 days prior to the filing of this case, is based on an identical set of facts. *Compare Harris v. Dabney, et al.*, CV4:20-127, doc. 1 at 5–9 (S.D. Ga. June 9, 2020) *with* doc. 1 at 5–8.

Plaintiff also provides no argument for why this case should not be dismissed as successive of *Harris v. Dabney*. The facts alleged in the two cases are substantively identical, alleging 60 pounds of weight loss due to improper diet; a May 20, 2020, incident in which plaintiff was not provided with medication; a May 21, 2020, incident in which he passed out during pill distribution and was allegedly abandoned by the nurse; and the failure of prison medical staff to provide care in accordance with the instructions of an outside physician. *Compare Harris v. Dabney, et al.*, CV4:20-127, doc. 1 at 5–9 (S.D. Ga. June 9, 2020) *with* doc. 1 at 5–8. Both cases also seek the same damages, $2,000,000 for emotional, mental, physical, and pain and suffering damages. Doc. 1 at 8; *Harris v. Dabney, et al.*, CV4:20-127, doc. 1 at 9. As plaintiff has failed to adequately explain his failure to

disclose prior cases and has provided no explanation for this redundant successive filing, this case should be **DISMISSED**.[1]

It is now time for plaintiff to pay his filing fee. Since his PLRA paperwork reflects an average monthly balance of $0 and average monthly deposits of $35.00, doc. 7 at 1, he owes a $7.00 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $7.00 partial filing fee and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the custodian at all future facilities in accordance with the terms of this Order. A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be

---

[1] If plaintiff believes that the dismissal of this case eliminates claims not included in *Harris v. Dabney*, *et al.*, CV4:20-127 (S.D. Ga. June 9, 2020), he is free to seek to amend that case, which remains pending.

served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 19th day of August, 2020.

_/s/ Christopher L. Ray_
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA