THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARNELL LAMAR HARRIS,

    Plaintiff,

v.

CORRECT HEALTH MEDICAL, *et al.*,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-164

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's August 19, 2020, Report and Recommendation, (doc. 8), to which the plaintiff has filed a response, (doc. 10). The Court **ADOPTS** the Report and Recommendation as its opinion and **DISMISSES** Plaintiff's Complaint.

The Court is unsure whether to construe plaintiff's response as an objection to the Report and Recommendation or motions for various relief. Regardless of their construction, they do not salvage Plaintiff's Complaint. Rather than addressing the defects identified by the Magistrate Judge, Plaintiff has requested the Court compel the production of medical records and appoint an expert. (Doc. 10, pp. 2–4.) These requests are premature at this stage of the case. See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," except in circumstances not applicable here). At screening, s plaintiff is required only to present allegations that are not patently frivolous or malicious and that state a claim upon which relief may be granted. 28 U.S.C. § 1915A. It is not necessary to support those allegations with evidence, as the Court is obligated to construe the pleadings in the

light most favorable to the plaintiff.   Bumpus v. Watts, 448 F. App'x. 3, 4 n. 1 (11th Cir 2011).

Furthermore, even if Plaintiff were provided with the documents and testimony he requests, they would not address the Court's concerns; specifically, his failure to provide an adequate explanation for not disclosing his litigation history or the existence of a nearly identical case.   (See doc. 8.])   The simultaneous or repeated prosecution of identical cases is an unacceptable waste of the Court's resources.   See Brown v. Saintavil, No. 2:14-CV-599-FTM-29, 2014 WL 5780180, at *3 (M.D. Fla. Nov. 5, 2014) ("[I]t has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation. . . . Identification of prior litigation frequently enables the Court to dispose of successive cases without further expenditure of finite judicial resources.).   This is particularly true were plaintiff is proceeding pro se and the full cost of the litigation falls to the Court and the public.   The Eleventh Circuit has found the dismissal of a complaint an appropriate remedy when a pro se prisoner plaintiff fails to disclose his litigation history, as required by the § 1983 complaint form.   Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x. 211, 226 (11th Cir. 2011) (upholding dismissal for abuse of judicial process where pro se prisoner failed to disclose prior litigation, despite plaintiff claiming to have misunderstood the complaint form); Shelton v. Rohrs, 406 F. App'x. 340, 341 (11th Cir. 2010) (district court did not abuse its discretion in dismissing a pro se prisoner claim for failing to disclose judicial history).   Therefore, the Magistrate Judge's recommendation of dismissal is appropriate.

Plaintiff has also requested the Court to reconsider the amount to be initially remitted for his filing fee.   (*See* doc. 10 at 1–2).   Though the Magistrate's direction regarding payment was included in his Report and Recommendation, it had the effect of an Order.   Therefore, the Court construes plaintiff's objection to the assessment of the initial partial filing fee pursuant to Federal

Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A).  Under these provisions, the Court will modify or set aside the Magistrate Judge's Order only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

The Prison Litigation Reform Act (PLRA) establishes the payment structure for civil cases brought by prisoners.  28 U.S.C. § 1915(b).  As a partial initial filing fee, plaintiff is required to remit "20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."  (28 U.S.C. § 1915(b)(1)).  Plaintiff's prisoner trust account statement indicates average monthly deposits in the amount of $35.  (Doc. 7 at 1.)  Therefore, the Magistrate Judge's assessment of a $7 initial partial filing fee is correct. (Doc. 8 at 3.)  The Court notes, however, that the accounting provided in support of his account statement covers only 60 days, rather than the six months requested.  Ultimately, this does not impact plaintiff's obligations. As the statute provides, funds can only be collected when they exist. 28 U.S.C. § 1915(b)(10.  He remains responsible for the full $350 filing fee associated with this case and payments will be collected in accordance with the procedure described in the Report and Recommendation and 28 U.S.C. § 1915(b)(2).  As he has pointed to no error, much less clear error, plaintiff's objection to the Magistrate Judge's fee assessment is overruled.

Accordingly, the Court **ADOPTS** the Report and Recommendation (doc. 8) as its opinion. The complaint is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 21st day of September, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA